IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DANIEL ERIC COBBLE, GDC #758572, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 2:19-CV-800-WHA |
| | ) (WO) |
| GEORGIA FEDS, et al, | ) |
| | ) |
| Respondents. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I. INTRODUCTION

Petitioner, an inmate incarcerated in the Sumter County Jail in Americus, Georgia, filed this *pro se* action under 28 U.S.C. § 2241. While the court finds most of the petition illegible, Petitioner appears to challenge the manner in which his sentences imposed by the State of Georgia "are being carried out" by both the federal government and the State of Georgia during his incarceration in the Sumter County, Georgia Jail. Doc. 1 at 3.[1]

Upon review of the instant § 2241 petition, one of several recently filed by Cobble with this court, the Magistrate Judge concludes that the petition is due to be dismissed for lack of jurisdiction.

### II. DISCUSSION

A petitioner's challenge to the execution of his sentence is properly considered under 28 U.S.C. § 2241, the general habeas statute. *Williams v. Pearson*, 197 Fed. App'x. 872, 876 (11th Cir. 2006). As a general rule, a 28 U.S.C. § 2241 petition for habeas corpus relief "may be brought only in the district court for the district in which the inmate is incarcerated." *Fernandez v. United*

---

[1] According to the Bureau of Prisons ("BOP"), Petitioner is not in BOP custody. *See https://www.bop.gov/inmateloc/* (last visited October 23, 2019). Petitioner's federal regulation number is 97872-020.

*States*, 941 F.2d, 1488, 1495 (11th Cir. 1991); *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-495 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds [him] in what is alleged to be unlawful custody."). While § 2241 (d) creates an explicit exception to the exclusive "district-of-confinement" rule, allowing that a state prisoner may, in the alternative, file in the district in which he was convicted and sentenced in state court, a federal district court lacks jurisdiction under §§ 2241(a) and (d) to entertain a state prisoner's habeas petition challenging the execution of his sentence when the facility in which the prisoner is currently incarcerated is not within the district of that federal court nor is it the court of jurisdiction for the district where the prisoner was convicted or sentenced. *See Dobard v. Johnson*, 749 F.2d 1503, 1505-07 (11th Cir. 1985).

Considering the above principles, this court lacks jurisdiction over Petitioner's current § 2241 habeas petition. Petitioner is confined in the Sumter County Jail in Americus, Georgia. Thus, the district of confinement for Petitioner is indisputably the Middle District of Georgia. *See* 28 U.S.C. § 90(b)(4). Likewise, Petitioner's conviction record reflects he is serving a term of imprisonment imposed by a Georgia state court. *See* https://dcor.state.ga.us/GDC/Offender (last visited October 23, 2019). Accordingly, under § 2241(d), the only court with jurisdiction to entertain Petitioner's habeas petition is a federal court in Georgia. Because this court lacks jurisdiction under § 2241(d), the petition is subject to dismissal and the court finds the "interests of justice" do not warrant a transfer of this case to a federal court in Georgia.[2]  *See* 28 U.S.C. § 1406(a).

---

[2] The court takes judicial notice of federal court records, *see Nguyen v. United States*, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009), and concludes that transfer of this action is not in the "interest of justice" given Petitioner's well-documented "practice of frivolous, vexatious, and duplicative litigation" in the federal courts of Georgia. *See Cobble v. Neeley,* Civil Action No. 1:19-CV-12-LAG-TQL (M. D. Ga. 2019) (Doc. 5) (sanctioning Petitioner from filing civil actions for two years "[i]n light of [his] history of frivolous and vexatious filings [including habeas petitions] and to curb further abuses.).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be DISMISSED without prejudice for lack of jurisdiction.

It is further

ORDERED that **on or before December 1, 2019**, Petitioner may file an objection to the Recommendation.  Any objection filed must clearly identify the factual findings and legal conclusions set forth in the Recommendation to which Petitioner objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  Petitioner is advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings of fact and legal conclusions contained in the Recommendation shall bar a party from a *de novo* determination by the District Court of the factual findings and legal issues set forth in the Recommendation and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, on this the 14th day of November, 2019.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge